Sexton v. Snyder.

SEXTON, Respondent, v. SNYDER, Appellant.

St. Louis Court of Appeals, May 22, 1906.

1. **PRACTICE: Parties: Appeals.** Where one of several defendants before a justice of the peace was not served, but judgment was nevertheless entered against him, from which he did not appeal, and where the other defendants appealed to the circuit court, the application of the defendant not appealing to be made a party defendant in the circuit court so that he might file a counterclaim, was properly denied, because, not having appealed, he was no party to the proceeding and because, the judgment against him being void, he had nothing to appeal from.

2. **JUSTICES OF THE PEACE: Statement.** A statement of a cause of action filed before a justice of the peace on account for services rendered by plaintiff to defendants as cook, which statement alleged an agreement to pay the plaintiff a certain sum for the first week, but showed no definite agreement as to compensation after that, was a sufficient statement.

3. **PARTNERSHIP: Evidence.** Where several persons attempted to form a corporation, but failed to perfect the corporate organization and proceeded to do business under the name of such intended corporation, they were partners with respect to persons with whom they dealt.

4. **PRACTICE: Quantum Meruit.** Where plaintiff sued for services as a cook and proved a definite agreement as to compensation for the first week and an agreement to pay more in proportion to the number of people thereafter to be cooked for, without any definite sum stipulated, she could recover in *quantum meruit* for the value of the services rendered after the first week.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

AFFIRMED.

*Christian F. Schneider* and *John Boyle* for appellants.

(1) Appellants' objection to the introduction of any testimony in the case on the ground that the peti-

tion did not state facts sufficient to constitute a cause
of action, should have been sustained. It did not state
the number of guests nor the price per guest. Shaver
v. Ins. Co., 79 Mo. App. 420; Murphy v. Ins. Co., 70 Mo.
App. 78; Malone v. Fidelity & Casualty Co., 71 Mo. App.
1; Staples v. Shackleford, 150 Mo. 471, 51 S. W. 1036.
(2) The objection to the testimony as to the reasonable
value of plaintiff's services should have been sustained,
as the petition counted on contract and not *quantum
meruit*. For the same reason the only instruction of law
given by the court was erroneous. McGuire v. DeFrese,
77 Mo. App. 685; Chitty v. Railroad, 148 Mo. 74, 49
S. W. 868.

*J. F. Merryman* for respondent.

STATEMENT.—The plaintiff instituted her suit
against the two defendants, Mr. Wilson and Mrs. Mister
and others, for wages alleged to have accrued to her on
account of services rendered them as a partnership, in
the capacity of cook in a hotel during the World's Fair
period. The statement filed before the justice, omitting
caption, is as follows:

"Plaintiff states that the defendant, doing business
under the name of the United States Investment Com-
pany, and engaged in running a hotel at 1704 Washing-
ton avenue, employed the plaintiff as a cook on or about
August 14, 1904, agreeing to pay plaintiff for her ser-
vices each week, according to the number of guests in
the hotel, and that plaintiff continued in that capacity
until on or about November 6, 1904, and that defendants
are indebted to plaintiff for services as aforesaid, as fol-
lows:

| | |
|---|---|
| August 14 to 20, one week............$ | 5.00 |
| August 21 to 27, one week............ | 10.00 |
| August 28 to 31, four days............ | 5.72 |
| September 1 to 7, one week............ | 10.00 |

Sexton v. Snyder.

| | |
|---|---|
| September 8 to 14, one week.......... | 10.00 |
| September 15 to 21, one week......... | 7.00 |
| September 22 to 28, one week......... | 7.00 |
| September 29 to October 5, one week... | 7.00 |
| October  6 to 12, one week.......... | 7.00 |
| October 13 to 19, one week.......... | 7.00 |
| October 20 to 26, one week........... | 7.00 |
| October 27 to 31, five days.......... | 5.00 |
| November 1 to 6, five days.......... | 6.00 |
| | $ 93.72 |
| Credit by Cash................. | 20.50 |
| Balance due ..................... | $ 73.22 |

"Plaintiff therefore prays the court for judgment against the defendants for the sum of $73.22, and for a special lien upon the property of the defendants in and in accordance with section 3166 and section 3168 of the Revised Statutes of the State of Missouri, vol.1, pages 791 and 792 of 1899."

The case, as originally instituted, was against the two defendants, Wilson and Mister, also one Snyder and Bulla, but before the trial in the justice's court, plaintiff dismissed as to defendant Bulla.  The defendant Snyder, failing to appear in that court, the justice of the peace, acting upon the supposition that he had been personally served with process, entered judgment against him by default, and the trial proceeded as to the two defendants, Wilson and Mister, who appeared and defended.  The finding was against them and in favor of the plaintiff, from which they appealed.  The case was not appealed as to defendant Snyder, against whom the judgment by default was entered.

The case coming on for trial in the circuit court, Snyder appeared and filed an affidavit to the effect that he had not been served by process, and introduced the constable's return showing that no service had been had

Sexton v. Snyder.

on him before the justice and requested permission of the
court to be made a party defendant and offered to file
a counterclaim. This the court declined to do or permit,
holding that he was not a party to the suit as it then
stood in the circuit court. He, not having appealed from
the judgment by default rendered against him by the jus-
tice, could not voluntarily appear in the suit in the cir-
cuit court after appeal for the first time and file a coun-
terclaim. Mr. Snyder, having thus been excluded from
the case, the trial proceeded before a jury against the de-
fendants Wilson and Mister.

It is proper to say, first, that there is positvely no
evidence of a partnership on which the judgment could
be predicated against these defendants on the several
items of account prior to the first day of September.
The fact is, Mr. Snyder conducted the hotel on his own
account up to September 1st, and plaintiff's claim, if
any, is against him and not these defendants for those
services. The circuit court, in effect, so told the jury
very properly.

The evidence was to the effect that plaintiff was em-
ployed by Mr. Snyder on August 6th, to cook at the hotel
under an arrangement whereby he would pay her $3.50
a week at the commencement and when the business
picked up and there were more people to cook for, she
should have additional compensation. At first there were
eight people to serve, but in about a week there were four-
teen people and the number gradually increased and vari-
ed during the season. Mr. Snyder paid her for her first
week's work and agreed to pay her seven dollars per week
and furnish a girl to assist after that. The girl stayed a
week and quit. Plaintiff did all the cooking, made the
fires in the morning, stayed in the kitchen from early in
the morning until eight and nine o'clock at night, much
of the time cooking for thirty or forty people. After hav-
ing worked a couple of weeks in August, plaintiff told
Mr. Snyder that unless he furnished a girl to assist, as

he had agreed to do, she would not do the work for less than ten dollars per week, and that it was worth that amount. Snyder made no objections, nor did he agree to pay ten dolars per week. He agreed to furnish a girl but failed to do so, and plaintiff continued to do the work. It appears from all the evidence that there was no express contract except as stated, as to the first employment of $3.50 per week until there were more people to cook for, and then plaintiff should have additional wages; that this wage was increased to one dollar per day, or seven dollars per week after the first week, with the agreement that she should have an assistant. The assistant remained a week only, and during the month of August, plaintiff notified Snyder that it was worth, and she would expect, ten dollars per week to continue without an assistant. From this it is to be noted that there was no express agreement as to the amount of her compensation after the first two weeks in August. The employment evidently continued under the arrangement that the rate of compensation was to be governed in part by the facts of whether there were many or few to cook for and whether she had an assistant. Evidence was introduced showing that the plaintiff worked hard and diligently, serving a large number of people during the entire time of her employment after the first week or two; that she received payment to the amount of $20.50 only, and that her services were of the reasonable value of the several amounts charged therefor in her statement, varying each week as the patronage of the hotel varied. In the latter part of August, Mr. Snyder and the two present defendants, Bulla and others, conceived the notion of forming an incorporation, under the corporate name of the United States Investment Company for the purpose of conducting the hotel and they prepared and signed articles of agreement to that effect. This association took charge of the hotel about the first day of September, and conducted the same thereafter. The articles

of incorporation were introduced in evidence, showing that they were duly signed and executed by the two defendants, also by Snyder and three others, all of whom were directors named in the articles of the association. It was shown that the Secretary of State, for reasons evidently sufficient to him, refused to grant to the association a certificate of incorporation and it therefore failed to become a corporate entity. Yet the association, from and after September 1st, continued in charge of and maintained the hotel in the name of the proposed corporation, and that from and after that date, Mr. Snyder, who had formerly maintained the place on his own account, continued in charge thereof as manager for the association. The two defendants lived at the hotel and participated to some extent in its affairs, and the plaintiff, without making any new or further arrangements as to compensation, remained and did the cooking without an assistant until November 6th. The evidence shows that her services were of the reasonable value charged therefor and in fact Mr. Bulla, one of the directors of the association, testified that he and the others named were associated together, running a hotel after September 1st, under the name of the United States Investment Company; that Snyder was manager; that he, himself upon one occasion, informed Snyder that plaintiff ought to have more pay for her work than seven dollars per week and Snyder promised she should have more. The partnership was denied by the two defendants. The defense seems to be that plaintiff was in Snyder's employ and not in the employ of the partnership.

Upon this state of facts, the court submitted the case upon one instruction given of its own motion, which is as follows:

"The court instructs the jury that if you believe from the evidence that on or about the 1st day of September,

119 App.—43

1904, the defendants, together with others, entered into an agreement for the purpose of incorporating a company to be known as the United States Investment Company, and that thereafter such preliminary steps to said incorporation were taken as that these defendants, together with others, did sign said articles of incorporation, and did therein become directors of said contemplated corporation, and that thereafter said articles of association were duly filed with the recorder of deeds of the city of St. Louis, and if you further believe from the evidence that the corporation was not completed by obtaining authority from the Secretary of State to do business as such corporation, but that notwithstanding said failure to so complete its corporate existence the business was conducted under the name and style of the United States Investment Company, and that plaintiff was employed and performed services as cook in said hotel run under the name of the United States Investment Company, then she is entitled to recover against the directors named in said articles of incorporation, particularly defendants, the value of her services commencing with the 1st day of September, 1904, up to the time she quit, to-wit, November 6, 1904; and if you find and believe from the evidence that plaintiff has been paid during this time any sums of money, you may deduct the same therefrom, and your verdict will be for the difference which you may find, if any, due plaintiff."

Two instructions asked on the part of the defendants were refused. The jury found the issues for the plaintiff and awarded her the amount of $72. Judgment was entered therefor and the case comes here by appeal for review.

NORTONI, J. (after stating the facts).—1. The first and principal argument advanced for a reversal of the judgment is that the court erred in refusing to permit Mr. Snyder to become a party defendant in the

circuit court and to file a counterclaim. It is only necessary to say in answer to this proposition that Mr. Snyder is no party to this suit and has no standing in this court. The trial, as had in the circuit court and the judgment entered by it, was against the two defendants Wilson and Mister. There was no judgment against Snyder and there is nothing from which he can appeal in this case, inasmuch as he is not a party to the record in the circuit court. There is nothing in section 866, Revised Statutes 1899, authorizing this appeal in so far as he is concerned. If there be a void judgment by default in the justice of the peace court for want of service on him, it will remain a nullity and can work no harm. At any rate, it was not appealed from and therefore the issues between the plaintiff and Snyder were in no manner before the circuit court. Had the judgment before the justice been valid on personal service against Snyder, and he had appealed, he would have been precluded from filing any counterclaim in the circuit court not filed before the justice, as it is so expressly provided by our statutes. [Sec. 4078, R. S. 1899.]

But this is beside the case entirely, inasmuch as there was no appeal from the justice's court as to him. There was no one seeking a judgment against him in the circuit court, and therefore there was no demand presented in that court for him to counterclaim against. In the law, these propositions are true:

First. If the judgment against him before the justice is valid, then he, having waived his right of appeal, ought to be made to pay it, and any rights in the matter which are lost to him, were not lost by the denial of the circuit court, but were forfeited by his own act of waiver in failing to appeal.

Second. On the other hand, if the judgment before the justice of the peace is void, it will remain a nullity and cannot be collected and he is deprived of no rights thereby.

Third. If this claim, which he sought to assert in the circuit court against the plaintiff, is valid, it is an independent cause of action and suit can be maintained by him on the same against the plaintiff, the same as before.

Under any of the propositions stated, no rights of Snyder have been invaded by the circuit court in this cause.

2. It is next insisted that the court should have sustained defendants' objection at the opening of the case to the introduction of evidence under the statement because it failed to state facts sufficient to state a cause of action. The objection is that it counts on contract and does not set up the terms of the contract. The statement says that the original agreement was for the defendants to pay her $3.50 per week at first and to pay more in accordance with the number of persons to be served. Now, while this statement sets up the agreement so far as the first week, it does not count on a specific contract, whose terms are defined thereby, other than this, for it leaves the matter of her compensation after that time to be adjusted in accordance with the patronage of the hotel somewhat; that is, not at all definite with respect thereto. The agreement was pleaded as made, however, for it was shown in proof, that this was as far as the parties went in the arrangement. All of the elements of a contract are not stated, except in the first employment of a week. It does not appear in the pleadings or proof that there was a specific contract for the services after the first week, at $3.50, and the second week at seven dollars provided an assistant was furnished. The evidence shows that while the agreement was made to pay seven dollars and furnish an assistant, such assistant was not furnished but for one week, and that thereafter, prior to the commencement of the services for these defendants, about the first of September, plaintiff notified Mr. Snyder, her then employer who had

continued to manage the hotel company, that she would expect ten dollars a week. He did not decline to give it nor did he agree to pay it. The arrangement between the parties was pleaded as made between them, and according to the allegation therein contained, the amount of her compensation, being left open as it was, became a mere matter of *quantum meruit* rather than of contract, and the cause having originated before a justice of the peace where no formal pleadings are required further than such as are necessary to advise the opposite party of what he is charged and sufficient to bar another action for the same subject-matter, the statement is sufficient and is not liable to the objection raised against it. [Darnell v. Lafferty, 113 Mo. App. 282, 88 S. W. 784.]

3. It is insisted that there was no partnership shown in the evidence, and that the court erred in giving the instruction set out in the statement supra. It is sufficient to say that one of the partners, Mr. Bulla, testified that he and the two defendants and Mr. Snyder and the others named therein as directors, executed the articles of incorporation, which articles were introduced in evidence, and maintained the hotel jointly under the name of the proposed corporation, the United States Investment Company, from and after September 1st, while endeavoring to incorporate, and after their failure to obtain a certificate of incorporation. It is well settled in this State that when a number of persons associate themselves together, intending to incorporate, and omit to take the necessary steps, or for some reason, fail to perfect the corporate organization, and they proceed to do business and contract obligations under and in the name and style of such intended corporate name, the law will pronounce those thus acting together as co-partners, with respect to such persons with whom they have dealt, under the circumstances stated, and they are to be held to the responsibilities as to such

persons, of co-partners. [Martin v. Fewell, 79 Mo. 401.] The proposition of law stated in the instruction is sound. It was predicated upon the facts in proof and was proper. The instructions requested by defendants on the question of partnership, while they might have been proper enough in a case where the facts were different, were rightfully refused by the court because they were not predicated upon the facts in evidence tending to establish the issue of partnership. The one the court gave was eminently proper in this case.

4. It is finally insisted that the court erred in permitting plaintiff to show the reasonable value of her services and in submitting such reasonable value to the jury. This proposition is predicated, of course, upon the idea that the suit was on an express contract. As said above, the contract was express only in so far as plaintiff was to be compensated at the rate of $3.50 per week until there were more people to cook for, and it is shown that that continued for one week only; after that, she was to have more in accord with the number of persons to be served; the agreement itself thus leaving the matter open, and no agreement was made as to how much more or in what proportion she was to receive additional pay and therefore none is pleaded, and there is no proof in the record about any agreement as to other compensation after the second week, which was to be seven dollars, provided an assistant was furnished. No assistant was furnished except for one week, and no further agreement with respect to compensation was made. Nothing more was said about the matter until just prior to the first of September, about the time of the taking effect of defendants' co-partnership, when plaintiff notified Snyder, who was afterwards manager of the co-partnership, that her services were worth, and she should expect, ten dollars per week. He did not agree thereto nor dissent therefrom, and under these circumstances, we are of opinion that it was proper for her to show the

reasonable value of the services rendered, and for the court to submit the question of such reasonable value to the jury, as it did. By reference to the statement sued on, it will be observed that for no week did she charge to exceed ten dollars, and many weeks less than that amount, as appeared to be the reasonable value of her services for the amount of labor performed in cooking for a greater or less number of people, as perchance were entertained at the hotel, and the jury did not allow her more than she charged for the time from September 1st to November 6th, the period involved in this suit. It is proper to say that the court did not submit to the jury at all the services rendered for Snyder prior to September 1st. The only issues submitted were whether defendants were partners from and after September 1st, and whether plaintiff performed services for the co-partnership after September 1st and prior to November 6th, and if so, the reasonable value of such services. All of which issues were properly, and we think justly, answered by the jury.

We are of the opinion that the learned judge did not err on the trial. The judgment was for the right party and should be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.