ANNA W. ELLIS, Respondent, v. CHARLES BRAND et al., Defendants; CHARLES BRAND Appellant.

St. Louis Court of Appeals, July 5, 1913.

1. PARTNERSHIP: Existence of Relation: Sufficiency of Evidence. Evidence, in an action to charge defendants as partners in operating a sanitarium, *held* not to warrant a finding that a partnership relation existed.

2. ————: Contracting for Proposed Corporation: Liability as Partners. Where persons who intend to organize a corporation omit to take essential steps to that end and proceed to do business and contract obligations in the name of the intended corporation, they are liable as partners to third persons with whom they have dealt.

3. **EVIDENCE: Conclusions.** A statement by a witness that a certain business "was a partnership business" was a mere legal conclusion of the witness and had no probative force whatever.

4. **PARTNERSHIP: Establishment of Relation: Sharing Profits and Losses: Evidence: Conclusions.** Evidence that a person sought to be held liable as a partner was to pay half the expenses and receive half the profits was not evidence of *facts* necessary to be shown to establish the existence of a partnership, for such relation springs only from an agreement between the parties evidencing an intention to enter into it, and if such agreement be written, it speaks for itself, but if it be oral, the testimony should show that which constituted it and the substance, at least, of what the parties agreed upon, not the mere *deductions* of the witness concerning what the parties were to do, without specific reference to the time and place of the oral agreement between them.

5. **APPELLATE PRACTICE: Trial by Court: Conclusiveness of Finding.** Where a case is tried by the court without a jury and no declarations of law are asked, except one in the nature of a demurrer to the evidence, the finding of the trial court will not be interfered with, if there is any theory upon which it can be sustained.

6. **PARTNERSHIP: Establishment of Relation: Sharing Profits and Losses.** A mere participation in profits and losses does not of itself constitute a partnership between the parties so participating, but whether a partnership exists is a question of intention on the part of the parties, which must be arrived at from the contract itself and the surrounding circumstances.

7. ——: ——: ——. Any presumption of partnership arising from an agreement to share in profits and losses is dissipated by proof of a contract between the parties showing that a partnership relation was not intended.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

REVERSED AND REMANDED (*with directions*).

*P. A. Griswold* and *England & England* for appellant.

(1) The court erred in overruling appellant's motion in the nature of a demurrer to the evidence at the close of plaintiff's case, for the reason that the

evidence did not disclose a partnership between the appellant and the person named Ellis in said assignment upon which respondent's action was based, nor was said cause tried by respondent on the theory of a partnership between appellant and said party, but on the theory of a partnership relation alleged to exist between appellant and his codefendant Allen. Plaintiff should not be allowed to recover on a theory adverse to that upon which the instrument sued on pro, ceeded. Steinberg v. Insurance Co., 49 Mo. App. 265; Stix v. Matthews, 75 Mo. 96; 5 Am. & Eng. Ency. Pl. and Pr. 711. (2) In holding that a partnership relation existed between the appellant and his codefendant, T. E. Allen, the court was in error, for under the evidence as adduced by the respondent, all the elements necessary to form a partnership relation were absent. 30 Cyc. 349; Chapin v. Cherry, 243 Mo. 402.

*Albert E. Hausman* for respondent.

(1) Defendant Brand cannot complain because the court improperly rendered judgment against his codefendant Allen, who does not complain. (2) Participation in the profits and losses of a business raises a presumption of partnership. Torbert v. Jeffrey, 161 Mo. 645. (3) When a cause is tried before the court sitting as a jury and no instructions asked or given, the judgment of the trial court will be upheld upon any theory consistent with the evidence.

ALLEN, J.—This action was begun before a justice of the peace, and was instituted upon the following assignment:

"Aug. 7/09.

"I, the undersigned, for twenty dollars of lawful money of the United States, received by me from Anna W. Ellis, do assign my wright to the wages due me, from Brand and Ellis (*sic*) to Anna W. Ellis, said

wages amounting to twenty dollars, for five weeks works, as nurse at Ta-Ka-Rest Park, Prospect Hill, performed in July, 1909.

(Signed) "MRS. B. BAILEY."

Upon the filing of the above assignment with the justice of the peace, a summons was issued against the defendants, Brand and Allen, for it appears that by such assignment the intention was to assign wages claimed to be due Mrs. Bailey from Brand and Allen, instead of from "Brand and Ellis." Plaintiff had judgment in the justice court against both defendants, and Brand duly perfected his appeal therefrom to the circuit court. The cause was tried *de novo* before the court without a jury, again resulting in a judgment for plaintiff against both defendants. From that judgment defendant Brand duly perfected his appeal to this court.

The theory upon which plaintiff's action proceeds is that the appellant Chas. Brand and his codefendant, Dr. Thomas E. Allen, were partners engaged in starting a sanitarium at what the witnesses term "Ta-Ka-Rest Park," at Prospect Hill in St. Louis county. It appears that appellant owned the real property in question and that an arrangement was entered into between him and Dr. Allen, by which the latter was to erect and conduct a sanitarium upon the premises. Work of construction was begun thereupon, and Mrs. Bailey, the assignor of the claim here sued upon, was employed by defendant Allen "as nurse and cook," in which capacity she rendered services for the five weeks immediately prior to August 3, 1909, and for which she was to receive four dollars per week and board. The action proceeds against the appellant upon the theory that he was a partner with his codefendant, Allen, in the enterprise mentioned, and liable as such for the partnership debts.

We may say at the outset that there is no testimony in the record showing that the appellant held

himself out, or permitted himself to be held out, to the assignor of this claim as a partner, whereby he could be held liable as a partner by estoppel. There was testimony by plaintiff, the assignee, that appellant had said to her that he was a partner, which appellant denies. However, it appears that appellant had nothing to do with employing Mrs. Bailey, and the evidence does not disclose that he in any way held himself out to her as being a partner, or did aught whereby he would be estopped as to her to deny that he was a partner.

Touching the question of the existence of a partnership *inter sese*, defendant Allen on direct examination testified that it was a partnership business; that appellant was to pay half of the expenses of the enterprise and receive half of the profits, and that the partnership relation existed up to August 5, 1909, at which time it ceased. The evidence disclosed, however, that on or about March 1, 1909, these defendants entered into a written agreement as follows:

"This memorandum of an agreement made and entered into this 1st day of March, 1909, by and between Chas. A. Brand and T. E. Allen, both of the city of St. Louis, State of Missouri, witnesseth:

"That the said parties are contemplating the organization and conducting a health resort at Prospect Hill in St. Louis county.

"That the said Brand proposes to put in about ten acres of land at said Prospect Hill and the said Allen proposes to put in some cash and personal property, said land, cash and personal property to be conveyed to the World's Health Institute, a corporation.

"That said Allen and Brand are to have an equal voice in the management of said business and each to own the same number of shares of stock in said corporation.

"That if the property put in by said Brand exceeds in value the property put in by said Allen said

corporation is to give back to Brand a deed of trust on its property for such excess.

"That if said Allen shall afterwards put in any additional property or cash, said Brand shall put in a like amount or make a corresponding credit on said deed of trust.

"That before said Brand or Allen shall convey any property to said corporation, this agreement shall be drawn up more in detail and signed by each.

(Signed)    "C. BRAND,
"T. E. ALLEN."

On cross-examination of defendant Allen, he testified to the effect that the parties did not operate under the foregoing agreement, but had agreed to abrogate it; and that the work of construction which was done was under an oral agreement between the defendants, whereby he (Dr. Allen) was to pay for the improvements thus to be erected upon the property of appellant Brand, and that he was to operate the sanitarium, and that all the profits of the business were to be paid to him until he had been thus reimbursed for the monies so expended by him, and that then some new arrangement was contemplated.

According to the testimony as abstracted, this defendant testified: "When I got the money I put in there, if he wanted me to leave the whole place, I was not to have anything beyond that unless we made a separate agreement. Up to the 5th of August my own understanding was that I was to put in the money and get it back out of the profits, and after the money I had put in there had come back to me, then there would be another agreement made, but not in accordance with the original agreement. The agreement that I originally signed was that he was to put in ten acres of land, to make a permanent institution, but he refused to do that, and then I had a subsequent agreement, that I would get my money out of it. That was only a ver-

bal agreement. All I wanted was the money that I placed in there. I wanted my money back out of the profits, and that is all I wanted, and that is the agreement I had. Then after I got that back, there would be another agreement.''

The appellant testified that defendant Allen had come to him saying that he was looking for a place of five or ten acres upon which to build a sanitarium, and said: ''You have a good place and I would like to build out here;'' that the above contract was executed, and thereafter defendant Allen wanted him to sign another paper which he refused to sign, and that thereupon it was agreed that Dr. Allen would lease the property; that the latter said that he would proceed with the construction of the buildings and operate the place until he got his money out of the profits, which was agreed to by appellant; that it was agreed that nothing further would be done until Dr. Allen had received back all of his money invested, and that then the parties would enter into some agreement mutually agreeable to them.

It appears that defendant Allen furnished the money and employed the help, though for a time appellant looked after or managed the work that was going on and permitted certain materials which he had on the ground to be used in the work of construction. It seems, however, that appellant had nothing to do with the employing of help, or keeping their time, but that there was a foreman employed by defendant Allen for that purpose. And it appears that defendant Allen bought and paid for all of the furniture installed, kept his own accounts with respect to the disbursements of the monies, and advertised the place as ''Dr. Allen's Ta-Ka-Rest Park.''

Though himself a defendant, it appears that Dr. Allen represented the plaintiff in the justice court and questioned one of the witnesses, that he became surety upon the plaintiff's cost bond, and that, upon the case

being appealed to the circuit court, he engaged counsel for plaintiff and obligated himself for fees and costs.

It is clear that the facts in evidence did not warrant a finding that a partnership relation existed between the defendants. It is true that the contract of March 1, 1909, contemplated the formation of a corporation, the organization of which was not perfected by the parties. And it is well settled that where persons associate themselves together intending to organize a corporation and omit to take the necessary steps to perfect such organization, and proceed to do business under and contract obligations in the name of such intended corporation, the persons thus associated are to be held as partners with respect to third persons with whom they have so dealt, and liable as such for obligations so incurred. [See Sexton v. Snyder, 119 Mo. App. 668, 94 S. W. 562.] Here, however, it does not appear that the parties did business under and incurred obligations in the name of the intended corporation. On the contrary, it clearly appears that the contract looking to the formation of a corporation was abrogated by the parties before any steps were taken with respect to the work of construction in question and before anything was done toward launching the enterprise; that, in lieu of the original agreement, it was agreed that defendant Allen would erect certain improvements on appellant's land, operate the proposed sanitarium until he had received from the profits sufficient to reimburse him for the money thus expended, and the parties would then contract as to the future. Such was the agreement under which they operated; and the original contract is therefore out of the case.

The testimony of defendant Allen, on direct examination, that "it was a partnership business" is, of course, not a statement of a fact, but a mere legal conclusion of the witness, and as such has no probative

force whatever; and is not to be considered as any proof of the existence of facts necessary to establish the partnership relation. The subsequent testimony of this witness as to the agreements between the parties shows clearly that this conclusion was erroneous. In fact the whole case turns upon whether such conclusion may be drawn from the facts in evidence, and neither is the lower court nor this court in any manner bound by the deductions of the witness in the premises.

The further testimony of this witness, on examination in chief, was that appellant "was to pay half of the expenses and receive half of the profits." This again is not testimony of *facts* necessary to be shown to establish the partnership; for indeed such relation springs, if at all, from an agreement of the parties evidencing an intention to enter into such relation. Or, as was said in Mining Co. v. Swope, 204 Mo. l. c. 58, 102 S. W. 561, the liability of appellant to plaintiff "must be spelled out of" the agreement between these defendants. If such agreement be written (which it is here not contended) it speaks for itself; if oral, then the testimony should show that which constituted the alleged oral agreement, not the mere deductions of the witness, stating what the parties were to do, without specific reference to the time or place of an oral agreement between them, and the substance at least of the conversation then and there had. The subsequent testimony of this witness on cross-examination, with respect to what was orally agreed between the defendants, conclusively shows, as a matter of fact, that the prior deductions which he sought to make on the witness stand were wholly unwarranted and without foundation in fact.

Furthermore, conceding, for the sake of argument, that the testimony of this witness, though contradicted by himself on cross-examination, was some evidence that the parties were to participate in the

profits and losses, it was insufficient to admit of a finding by the trial court that the defendants were partners, in view of the other evidence in the case. It is true that, since the cause was tried below without a jury and no declarations of law were asked except one in the nature of a demurrer to the evidence, the finding of the trial court will not be inferred with, if there is any theory upon which it may be sustained. The only theory, however, upon which a finding for plaintiff can be here sustained is that the defendants were partners; and if the evidence is insufficient to establish the partnership relation, then the conclusion of the trial court upon this question must be held to be erroneous, and its finding cannot stand. Such we hold to be the case.

Whether a partnership existed is a question of intention on the part of the parties, which must be arrived at from the contract itself and the surrounding circumstances. And a mere participation in profits and losses does not alone constitute a partnership between the parties so participating. [See Mining Co. v. Swope, supra, l. c. 59; Hughes v. Ewing, 162 Mo. 261; Graf Dist. Co. v. Wilson, 172 Mo. App. 612, 156 S. W. 23, and further authorities there referred to.] In Torbert v. Jeffrey, 161 Mo. l. c. 654, the court quotes approvingly from the American & English Encyclopaedia of Law as follows:

"Participation in the profits and losses of a joint business or undertaking affords the usual and perhaps the most cogent test of the existence of an intention to form a partnership. An agreement for such participation is not, however, a conclusive test, and does not absolutely constitute a partnership as a conclusion of law, if other circumstances show that no partnership was intended. It is only prima facie proof, which may be rebutted by evidence of other facts and circumstances. . . . Participation in the profits of a business raises a presumption of the

existence of a partnership. This presumption is not conclusive, but if not rebutted is sufficient to establish a partnership.''

From the rule as thus stated, it may appear that evidence of the participation in profits and losses is to be regarded as sufficient to make a prima-facie showing of the existence of a partnership; but later cases in this State make it clear that this cannot be true, in a case such as this, where the actual agreement of the parties is shown, making it clearly appear that it was not the intention of the parties to form a partnership. Such intention must control. [See Hughes v. Ewing, supra; Graf Dist. Co. v. Wilson, supra; Mining Co. v. Swope, supra.] Whatever may be said as to the presumption arising, prima facie, from evidence, alone, of an agreement to participate in profits 'and losses, such presumption takes flight upon proof of the complete contract existing between the parties showing that no partnership relation was intended or created.

In Mining Co. v. Swope, supra, l. c. 59, the court quotes approvingly from the language of NORTON, J., in Kellogg Newspaper Co. v. Farrar, 88 Mo. l. c. 597, as follows:

''A mere participation in profits and loss does not necessarily constitute a partnership between the parties so participating. . . . It is a question of intention. . . . Each case must be determined upon its own peculiar facts. In seeking for the intention of the parties, the whole instrument must be looked to, and viewing the agreement in question in its entirety, it is apparent, we think, that it was not the intention of Farrell and Lindenberger to form a partnership between themselves, for it is expressly stated that Farrell turned over to Lindenberger the Post-Observer newspaper not to be conducted by them jointly as partners, but, on the contrary, to be conducted by him in every respect as if he were the owner

thereof; and that he should conduct the business in his own name and pay all the expenses attending the running thereof. These expressions negative any intention of the parties to form a partnership.''

In the case before us, the defendant Allen, who was testifying for plaintiff and endeavoring to assist her in making out a case, admitted on cross-examination that the parties were, in fact, operating under an oral agreement, which merely went to the effect that this defendant was to erect the improvements in question, operate the business and receive all of the profits until he had been thus reimbursed for his outlay, and that then the parties were to agree as to what their future relation would be. This conforms to the testimony of appellant and to the other facts in the case; showing beyond doubt that, up to the time with which we are here concerned, there was no intention whatsoever to create a partnership relation. Nor was there a community of interest between these defendants—a joining as principals in the prosecution of a common enterprise; and hence no partnership. [See Hughes v. Eqing, supra; Graf Dist. Co. v. Wilson, supra; and authorities cited.] In the face of the other evidence in the case, it cannot be well believed that the parties were to participate alike in the profits and losses; but giving the utmost effect to the bare statement of this witness, it cannot, under the circumstances, be made the basis of a finding that there was a partnership, for, as we have seen, there may be a participation in profits and losses where no partnership exists, and the effect of evidence that the parties were to so participate, so far as it bears upon the existence of a partnership, must give way and vanish in the face of proof of the actual agreement between them which altogether negatives the existence thereof.

The testimony adduced leaves room for no conclusion that the parties intended to form a partnership. This being true, and the appellant not having

held himself out to the assignor of the claim here sued upon as a partner, so as to be estopped to deny the partnership relation, there was nothing in the case upon which to predicate liability on his part for the obligations incurred by his codefendant Allen in the erection of the improvements in question or the operation of the business.

The point is made that there could be no recovery against appellant upon the assignment sued upon, for the reason that the latter did not purport to be an assignment of a claim against Brand and Allen, but against "Brand and Ellis." In the view, however, which we take of the case, it is unnecessary to notice the questions raised in this connection.

The judgment of the circuit court must be reversed, and the cause remanded with directions to enter judgment against the defendant Allen alone. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.