HARRISON MILLER, Respondent, v. THEODORE L. PEPPERLING, Appellant.

St. Louis Court of Appeals, November 3, 1914.

1. **PARTNERSHIP: Existence of Relation.** A contract providing that one of the parties would purchase ground and supply the necessary money for the erection of houses thereon and that the other would superintend the erection of such houses and be paid at a certain rate for doing the carpentering work, and that the houses would be sold, when completed, and the profits realized divided equally between the parties, did not create a partnership.

2. **JUSTICES' COURTS: Jurisdiction: Action for Profits.** An action to recover the profits realized from the sale of a house and lot, under a contract by which defendant was to buy the lot and furnish the money for the erection of the house and plaintiff was to superintend the construction thereof, and the profits realized from a sale were to be equally divided, was

not an action for an accounting, and hence the point made that the suit could not be maintained in a justice's court, because it involved an accounting, was not tenable.

3. **CONTRACTS: Action for Profits: Estoppel.** Plaintiff and defendant entered into a contract, by which it was agreed that defendant would purchase ground and furnish money for the erection of houses thereon, that plaintiff would superintend the erection of the houses, and that the houses would be sold, when completed, and the profits divided equally between the parties. Defendant sold one of the houses upon time payments, without the express consent of plaintiff, and gave plaintiff a statement of the transaction, showing that a certain profit had been realized. Subsequently the purchaser of the property defaulted in the payments, and the property was conveyed back to defendant. In a suit by plaintiff to recover one-half of the profits shown in said statement of the transaction, *held* that, in view of the fact that defendant not only assumed to dispose of the property as he saw fit and sold the same upon time payments, without plaintiff's consent, and without disclosing the terms of the sale to plaintiff, and rendered plaintiff a statement of profits arising from the transaction, and thereafter dealt with the property as though plaintiff were no longer concerned as to what was done with it, the trial court was justified in finding for plaintiff for one-half of the amount of the profits shown on said statement, although, as a matter of fact, no profits had been realized.

4. **APPELLATE PRACTICE: Conclusiveness of Findings.** Where a case is tried before a court sitting as a jury, and no declarations of law are asked or given, it is the duty of the appellate court to affirm the judgment if it is sustainable upon any theory supported by the evidence.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*William Hilkerbaumer* and *C. F. Schneider* for appellant.

(1) The contract pleaded and shown by the evidence is a special partnership. No allegation is made that an account had been stated by the partners and that by such an account stated a balance was due re-

spondent.  The respondent seeks in this action to recover a share of an alleged profit of the venture.  The justice had no jurisdiction of such an action, and the circuit court acquired none on appeal.  The contract is a partnership.  30 Cyc. 349, 388; Torbert v. Jeffrey, 161 Mo. 645; Thompson v. Holden, 117 Mo. 127; Steckman v. Galt, 126 Mo. App. 664.  The justice had no jurisdiction. R. S. 1909, sec. 7397; Newberger v. Friede, 23 Mo. App. 631; Rankin v. Fairly, 29 Mo. App. 587.  The circuit court acquired none on appeal.  Guhman v. Dunaway, 167 S. W. 598; Johnson v. Stephens, 107 Mo. App. 629.  (2)  Even though the contract alleged or shown by the evidence did not establish a technical partnership, this suit is nevertheless one to recover an alleged profit unascertained by any account between the parties.  The justice had no jurisdiction of this suit, for the same reason that he had none over the partnership, namely, that he has no jurisdiction to compel an accounting or to take an account, in equity or otherwise, no such jurisdiction being given by statute.  (3)  The court erred in overruling appellant's objection to the introduction of any evidence and in refusing to give the declaration of law in the nature of a demurrer to the evidence, for the reasons assigned under points 1 and 2, but also in holding, if he so held, that this suit was only for a single item.  It is true that this suit is to recover a share of the profits of only one house, yet the building of that house is made up of many items and the ascertainment of a profit, if any, requires an accounting just as much as in case of the four houses.  The building and selling of a single house may be the purpose of a partnership.  The cases holding that where a partnership has been adjusted except as to a single item and that a suit at law may be maintained, are simply cases holding one partner to account for an asset in his hands, and never involve the question of profits.  Bambrick v. Sims, 132 Mo. 51; Byrd v. Fox, 8 Mo. 574; Buckner v.

Ries, 34 Mo. 357; Feurt v. Brown, 23 Mo. App. 332; Whetstone v. Shaw, 70 Mo. 575.

*William S. Wittler* for respondent.

(1) The contract pleaded and shown by the evidence is not a special partnership. 30 Cyc. 349, 372, 388; Mechem's Elements of Partnership, sec. 50; Hughes v. Ewing, 162 Mo. 261. (2) The appellant did state an account to the respondent either himself or through his agent, fixing the amount of the profits according to his own views definitely, and the statement of the account was accepted by the respondent herein and the amount sued for and recovered is on the basis of the appellant's own unquestioned statement. (3) Even if there were in the evidence anything tending to show the existence of a partnership, this suit was only for a single item, viz., the share of the profits as stated by the appellant or his agent. Buckner v. Ries, 34 Mo. 357.

ALLEN, J.—This action was begun before a justice of the peace where plaintiff had judgment. Upon defendant's appeal to the circuit court, and a trial *de novo* there, before the court without a jury, plaintiff again prevailed, and the case is here upon defendant's appeal.

It appears that plaintiff is a carpenter and builder, and defendant a dentist; that an oral agreement was entered into between them whereby it was agreed that defendant would purchase certain ground in the city of St. Louis and supply the necessary money for the erection of four houses thereupon, and that the plaintiff would superintend the erection of such houses and be paid at a certain rate for doing the carpentering work; and that the houses would be sold, when

completed, and that the profits realized would be divided equally between plaintiff and defendant.

The four houses were erected under this agreement, and three of them were sold for three thousand dollars each, and the profits divided. The fourth house, to which this action pertains, was sold upon time payments for the price of thirty-three hundred dollars— i. e., a deed of trust for two thousand dollars was placed upon the property, and the remainder of the sale price, to-wit, thirteen hundred dollars was paid as follows: Fifty dollars in cash, and the remainder in monthly notes of fifteen dollars each, secured by a second deed of trust.

The defendant had purchased the ground in question in his own name, and at all times held title to all of the property until the respective houses were sold, accounting to plaintiff for the profit derived from the sale of the first three thereof. It appears that plaintiff was not consulted with respect to selling the fourth house upon time payments, and that there was no special agreement or understanding with respect to this matter; that plaintiff did not learn of such sale until after it had been consummated, though he says that, prior to the sale, defendant spoke to him of selling it upon time payments, to which plaintiff made no reply. After the sale of the house, which was consummated by a real estate broker, defendant gave plaintiff a statement of the transaction, showing the cost of the building, the sale price, the broker's commission, and the profit, the latter being $574.05. And this suit is to recover one-half thereof, viz., $287.02, plaintiff having refused to accept a part of the monthly notes as his share of the profits.

It appears that, after paying to defendant fifteen of the monthly notes above mentioned, the purchaser defaulted and made no further payments; that he then transferred the property to another person, who likewise made no further payments, and that the de-

fendant procured from the latter a deed thereto for
the sum of $20, in lieu of foreclosing the second mort-
gage securing the notes. Thus, at the time of the trial
below, defendant again had title to the property, and
it appears that he had rented it and was receiving
the rents.

No declarations of law were requested below, be-
yond one on defendant's part, in the nature of a de-
murrer to the evidence, which was refused; but the
court merely entered a judgment for plaintiff for
$287.02 with interest from the institution of the suit.

The first point made by learned counsel for appel-
lant is, that the contract shown in evidence created a
special partnership; that the action was one to recover
plaintiff's share of the partnership profits, requiring
an accounting, and that therefore the justice of the
peace had no jurisdiction of the action and the circuit
court could acquire none on appeal. But it is clear
that the oral contract shown in evidence did not create
a partnership. Essential elements of a partnership are
lacking. [See Graf. Dist. Co. v. Wilson, 172 Mo. App.
612, 156 S. W. 23; Ellis v. Brand et al., 176 Mo. App.
383, 158 S. W. 705, and authorities to which these
cases refer.]

And it is also urged that, whether or not the con-
tract established technically a partnership, the suit
is one to recover an unascertained profit, requiring
an accounting between the parties, and over which
a justice could have no jurisdiction. But the action
does not appear to be one for an accounting, but for
the recovery of the single item in question. We think
there was nothing to deprive the justice of the peace
of jurisdiction.

But it is insisted that there could be no recovery
in any event, for the reason that, at the institution of
the suit, there were no ascertained profits within the
contemplation of the contract, or at any rate no cash
profits; that when the house was sold upon time pay-

Miller v. Pepperling.

ments, plaintiff was bound to take his share of the profits in the purchaser's monthly notes, and abide the outcome until cash profits were realized. There might indeed be much force in this argument were it not for the fact that it appears that defendant had not only assumed to dispose of the property as he saw fit, and sold the same upon time payments, without any specific assent of plaintiff thereto, and without disclosing to plaintiff the terms of such sale or the purchaser, but rendered to plaintiff a statement of the profits arising from the transaction, and thereafter dealt with the property as though plaintiff were no longer concerned as to what was done with it.

It thus seems that defendant himself treated the matter as though the profits were ascertained when the house was sold, whereupon he rendered to plaintiff a statement thereof, and proceeded to treat the purchaser's notes as his individual property. The trial court doubtless took this view of the case, i. e., that defendant had treated the profits as having been ascertained upon the sale of the house, and that the statement rendered plaintiff constituted an admission by defendant of the amount due plaintiff on account thereof. At any rate this view, we think, is tenable; for one may be bound by the position which he assumes in such a matter. And as the case was tried before the court, sitting as a jury, and no declarations of law asked or given, it is our duty to affirm the judgment if it may be sustained upon any theory supported by the evidence.

The judgment is therefore affirmed. *Reynolds, P. J.*, and *Nortoni, J.*, concur.