ROBERT G. DOWD, JR., Presiding Judge
Clara Hoffmeier[1] ("Appellant") appeals from the Circuit Court's judgment affirming the decision of the Civil Service Commission for the Metropolitan Sewer District ("Commission"), which affirmed the dismissal of Joseph Hoffmeier ("Hoffmeier"), a civil service employee of the Metropolitan Sewer District ("MSD"). We reverse the judgment of the Circuit Court and remand for further proceedings.
On June 26, 2014, Hoffmeier, a senior construction inspector with MSD, was driving a Ford F-150 MSD vehicle when *10 he was involved in a three-car accident on a public road. His truck came in contact with the car in front of him, which in turn came in contact with a third car in front of it. When the police arrived, Hoffmeier was cited for not physically possessing a valid driver's license and for following too closely. The driver of the car hit by Hoffmeier was pregnant and was hysterically crying after the accident. The legible portions of the police report indicate that she struck her stomach on the steering wheel and was taken from the scene by ambulance. The legible portions of the police report also indicate that the passenger of the third car involved was "experiencing tightness in her back" and "was seen by paramedics, but refused transportation." Hoffmeier was not injured, and there was no disabling damage to any of the vehicles involved.
That same day, Hoffmeier submitted to a drug test at MSD's request. Hoffmeier's urine tested positive for marijuana. After learning of the results, he requested testing of the split urine sample he previously provided, and that sample also tested positive for marijuana. Thereafter, he was terminated pursuant to MSD policy.
After hearing the evidence, the Commission affirmed the decision to terminate Hoffmeier's employment. The Commission found that the preponderance of the credible evidence indicated that Hoffmeier violated MSD's substance abuse policy because he was employed in a safety sensitive position and was involved in an accident on a public road involving a vehicle other than a commercial vehicle, which resulted in Hoffmeier receiving a citation for a moving traffic violation and in injury to another driver who immediately received medical treatment away from the scene of the accident. The Commission noted that the post-accident drug testing on the same day as the accident and the subsequent testing of the split sample were positive for marijuana and concluded that just cause existed to support MSD's termination of Hoffmeier. Upon judicial review of the Commission's decision under Section 536.140, the Circuit Court affirmed, finding that MSD's policies required termination and that the decision of the Commission affirming Hoffmeier's termination was not arbitrary, capricious, unreasonable or an abuse of discretion. This appeal follows.
Appellant makes several points on appeal. First, Appellant claims that the Commission's decision that the circumstances surrounding Hoffmeier's accident were sufficient to invoke MSD's substance abuse policy was not supported by competent and substantial evidence, involved an abuse of discretion, violated Hoffmeier's due process and privacy rights and was otherwise arbitrary, capricious and unreasonable. In particular, Appellant claims that there was no evidence that Hoffmeier was involved in an accident that caused bodily injury to another person. Because we find this point dispositive, we need not address Appellant's remaining claims.
We review the Commission's findings and conclusions rather than the judgment of the circuit court. Mertzlufft v. Civil Service Com'n , 85 S.W.3d 63, 65 (Mo. App. E.D. 2002). We determine whether the decision of the Commission violates constitutional provisions; exceeds the Commission's statutory authority or jurisdiction; is not supported by competent and substantial evidence on the record as a whole; is unauthorized by law; is based on unlawful procedure or an unfair trial; is arbitrary, capricious or unreasonable; or involves an abuse of discretion. Section 536.140.2; Mertzlufft , 85 S.W.3d at 65-66. We will reverse if there is not substantial evidence to support the Commission's findings and decision. Id. at 66.
*11 Hoffmeier was terminated based upon the results of a drug test that was performed pursuant to MSD's substance abuse policy, which provides:
[E]mployees in safety sensitive positions shall be tested or screened as soon as practicable following a public road motor vehicle accident involving a motor vehicle other than an commercial motor vehicle which results in (1) death, or (2) the employee receiving a citation for a moving traffic violation arising from an accident which accident results in either (a) bodily injury to a person who immediately received medical treatment away from the scene of the accident, or (b) disabling damage to any motor vehicle.
It is undisputed that there was no disabling damage to any of the vehicles involved in the accident, but Appellant claims that there was no competent and substantial evidence that anyone suffered "bodily injury" as a result of the accident as is required to invoke this policy and test Hoffmeier for a controlled substance.[2] We agree.
Under the language of the policy, an accident involving an MSD employee must result in "bodily injury to a person who immediately received medical treatment away from the scene of the accident." If the receipt of medical treatment away from the scene of the accident alone were enough to satisfy this prong of the policy, the "bodily injury" language in the policy would be superfluous. Accordingly, we interpret the policy to require that the accident result in bodily injury to a person and that such person immediately receive medical treatment away from the scene of the accident.
Here, there was no evidence that anyone involved in the accident suffered bodily injury and received medical treatment away from the scene of the accident. The evidence in the record indicates that the driver of the car hit by Hoffmeier was "hysterically crying" and taken from the scene in an ambulance, but there is no evidence of a bodily injury. The legible portions of the police report in our record indicate that the driver was five months pregnant, struck her stomach on the steering wheel, and was taken from the scene by ambulance, but there is no reference to an injury.[3] Without more, it would be speculative to conclude that this driver suffered a bodily injury simply because she was taken away by ambulance. In fact, taking her to the hospital could have been a purely precautionary measure.[4]
Respondent alleges that MSD's receipt of a personal injury claim by the driver of the car hit by Hoffmeier supports the conclusion that she suffered bodily injury so as to invoke MSD's substance abuse policy. We disagree. First, we find no evidence that she asserted any claim of bodily injury at the scene or at any time prior to MSD's decision to drug test Hoffmeier such that MSD would have had knowledge of her bodily injury at the time it drug *12 tested Hoffmeier. Second, while a representative of MSD testified before the Commission that MSD received her claim alleging pain and suffering and medical expenses related to neck and back injuries sustained as a result of this accident, we decline to treat such allegations of personal injury as competent and substantial evidence of bodily injury under the facts of this case.
Respondent also claims that because Hoffmeier "admitted" that MSD's substance abuse policy required him to submit to post-accident drug testing, there was competent and substantial evidence in the record that MSD followed its policies. We disagree. First, as previously discussed, there is no evidence in Hoffmeier's testimony or anywhere else in the record that the accident resulted in bodily injury to a person and that such person immediately received medical treatment away from the scene of the accident. We cannot treat Hoffmeier's conclusion as competent evidence without the required accompanying facts. See Anderson v. Asphalt Distributing Co. , 55 S.W.2d 688, 697 (Mo. 1932) ("If the court had received, over appellant's objection, as evidence, a mere conclusion or expression of opinion by the witness, unaccompanied by any facts as a basis therefor ... such evidence would clearly have been incompetent and prejudicial.").
Second, Hoffmeier's testimony that the MSD's substance abuse policy required him to submit to post-accident drug testing constitutes a legal conclusion, and as such, was neither binding on Hoffmeier nor competent and substantial evidence to support the Commission's decision. See Pitts v. Weakley , 155 Mo. 109, 55 S.W. 1055, 1064 (1900) ("A party may admit a fact, but not a legal conclusion."); Scott v. Ranch Roy-L, Inc. , 182 S.W.3d 627, 635 (Mo. App. E.D. 2005) ("Legal conclusions are not admissible facts."); Frick's Meat Products, Inc. v. Coil Constr. of Sedalia, Inc. , 308 S.W.3d 732, 738 (Mo. App. E.D. 2010) ("[A]n allegation of a legal conclusion in a pleading ... is not an admission of fact that is binding on the party."). "Substantial evidence is competent evidence that would have probative force upon the issues if believed." Morgan v. City of St. Louis , 154 S.W.3d 6, 8 (Mo. App. E.D. 2004). Here, Hoffmeier's legal conclusion has no probative force, and therefore, is not substantial evidence to support the Commission's decision. See Ellis v. Brand , 176 Mo.App. 383, 158 S.W. 705, 707 (1913) ( "The testimony of defendant ... is ... not a statement of fact but a mere legal conclusion of the witness and as such has no probative force whatever and is not to be considered any proof of the existence of facts necessary to establish the [legal conclusion]."); see also Gemini Captial Group, LLC v. Tripp , 445 S.W.3d 583, 588 (Mo. App. S.D. 2013) ("[A]ffidavits did not provide substantial evidence ... because they contained only legal conclusions as to the critical facts....").
Accordingly, we find no competent and substantial evidence on the record as a whole to support the Commission's finding that MSD complied with its substance abuse policy in performing the drug test that led to Hoffmeier's termination.
Point One is granted. We reverse the judgment of the Circuit Court and remand for further proceedings consistent with this opinion.
Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

Hoffmeier died during the pendency of the Circuit Court review of the Commission's decision. By consent of the parties, Appellant, Hoffmeier's surviving spouse and personal representative, was permitted to proceed as the party plaintiff in this case.

While MSD's substance abuse policy defines "disabling damage," it does not define "bodily injury."

Appellant objects to the hearsay nature of the police report. We need not decide whether the report was in fact hearsay because even if we assume it was properly before the Commission, it does not contain competent and substantial evidence that anyone involved in the accident suffered bodily injury and received medical treatment away from the scene of the accident.

The legible portions of the police report in our record also indicate that the passenger of the third car involved in the accident was "experiencing tightness in her back" and "was seen by paramedics, but refused transportation." There is no indication that this passenger immediately received medical treatment away from the scene.