FRANKLIN P. MILLER, Respondent, v. MARY L. HALE, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Partnership**: RELATION OF PARTIES IN A PARTICULAR INSTANCE: PRESUMPTION. Where two parties undertake to perform the duties of architects in the erection of a certain building, nothing to the contrary appearing, they will be presumed to be partners.

2. ———: SHARE IN COMPENSATION. Partners, if the contract be silent, are entitled to share equally in the compensation of their labor and the courts will not determine which performed the more onerous duties.

3. ———: ABANDONMENT OF CONTRACT: FORFEITURE OF COMPENSATION. A partner, especially where the engagement is for a special purpose, may abandon the contract and thereby forfeit his right to the equal share in the compensation; but there is no abandonment in this cause.

4. ———: AGREEMENT AS TO LABOR: FAILURE TO PERFORM: COMPENSATION. Where partners agree *inter sese* what duties each will perform, if one willfully fails to perform his part, an allowance therefor should be made to the other.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*N. T. Gentry* and *W. B. Hale* for appellant.

(1) A partner or joint contractor who abandons the venture can not hold his co-partner or co-contractor to an account, and the party performing is entitled to hold the entire proceeds for his own use. Henry v. Bassett, 75 Mo. 89; Rhea v. Tathem, 1 Jones Eq. (N.

Car.) 290; Johnson v. Bright, 15 Ill. 464; Grafton v. Paine, 7 App. D. C. 255. (2) One partner is not entitled to an equal share of the profits of a contract, where he has precluded himself by his own act from participating in the duties of partnership. The uncontradicted evidence in this case shows that Miller abandoned the joint contract under which he now claims to recover. Henry v. Bassett, 75 Mo. 89; Tibbetts v. Tibbetts, Fed. Cas. No. 14020. (3) As a matter of law the facts constituted an abandonment of contract. Henry v. Bassett, 75 Mo. 89. What constitutes an abandonment is a question of law. White v. Wright, 16 Mo. App. 551; Kuhl v. Meyer, 42 Mo. App. 482; Chouteau v. Iron Works, 83 Mo. 73; Henry v. Bassett, 22 Mo. App. 674; Link v. Westerman, 80 Mo. App. 595; Casey v. Gunn, 29 Mo. App. 24; Smith v. Keith, 36 Mo. App. 583. (4) Miller's position under the contract as supervising architect and building superintendent, was one of trust and confidence, and he forfeited all right to any fees accruing by accepting a subcontract under the builders. Tahrland v. Rodier, 16 L. C. Rep. 473; Atlee v. Fink, 75 Mo. 100; 42 Am. R. 385; Lewis v. Slack, 27 Mo. App. 119; 2 Am. and Eng. Ency. L. (2 Ed.), pp. 815, 816, and notes. (5) It is a general rule that one partner is not entitled to extra compensation merely because he performs greater services than his co-partner. But it is a well-established exception to this rule that he is so entitled where there is either an express or implied agreement to pay it, or where one partner willfully neglects his duties as partner and thereby throws extra labor upon the other partner. Denver v. Roane, 99 U. S. 355; Marsh's Appeal, 69 Pa. St. 30; Zell's Appeal, 126 Pa. St. 329; s. c., 17 Atl. Rep. 647; Mattingly v. Stone, 35 S. W. (Ky.), 921; Airey v. Barham, 29 Beav. 620.

*W. H. Truitt, Jr.,* and *Chas. J. Walker* for respondent.

(1) Appellant did not abandon his contract. Noth-

ing short of a positive refusal to act at all would con-
stitute an abandonment. Henry v. Bassett, 75 Mo. 89,
also 22 Mo. App. 674, is not in point. (2) This whole
subject of abandonment and rescission is discussed at
length in the case of Railroad v. Richards, 152 Ill. 59,
30 L. R. A. 33, and notes. Lines v. Rees in note to
Cutter v. Powell, 2 Smith's Lead. Cas. 35. (3) Ap-
pellant is not entitled to compensation for extra ser-
vices. Gray Admr. v. Hamil, 6 L. R. A. 30, and notes
and citations; 82 Ga. 375; Reybold v. Jefferson, 1
Harr. (Del.) 401, 26 Am. Dec. 405. (4) Plaintiff and
defendant were special or limited partners. In the ab-
sence of any agreement to the contrary, they were to
share equally in the compensation. Neither, without
an agreement to that effect, could charge the other for
extra services. Henry v. Bassett, 75 Mo. 89; Lind.
Part., 775; Robinson v. Anderson, 20 Beav. 98;
Brown's Appeal, 89 Pa. St. 139; Cameron v. Francis
Co., 26 Ohio St. 190; Bennett's Admr. v. Russell's
Admr., 34 Mo. 524; Cramer v. Brachman, 68 Mo. 310;
Railroad v. Hudson, 16 Beav. 485; Lind. Part., 776.


ELLISON, J.—Plaintiff and defendant jointly en-
tered into an agreement with Mrs. Moore and Mrs.
St. Clair whereby they jointly undertook to do and per-
form the duties of architects in the erection and con-
struction of a certain school building in the City of Co-
lumbia, for which they were to receive as compensation
four per cent of the cost of said building. Payments
were made from time to time, some to plaintiff and
others to defendant, but in the aggregate, those made
to defendant were of much larger amount than those
to plaintiff; so that defendant received more than one-
half the whole sum due under the contract aforesaid.
After the contract had been performed plaintiff de-
manded a settlement with defendant to the end that
he might receive half of the whole sum paid. Defend-
ant refused and plaintiff then filed the present bill in
the circuit court asking an accounting and a decree for
what might be found due him. The trial court found

in his favor in the sum of $520.09 and defendant has come to this court for relief.

(1)    Whether these parties were technically partners in relation to this contract, their obligations to the owners of the building and between themselves were of a like nature so far as concerns the principle governing this case. Nothing appearing to the contrary it will be presumed that they were partners as to this particular contract. Robinson v. Anderson, 20 Beav. 98.

The law is that as between themselves, the contract of partnership being silent, partners are entitled to share equally in the compensation for their labor. The courts decline to look into the question of which performed the more onerous duties, and whether one was more skillful, or more industrious than the other. An adjustment of that nature is not demanded by the nature of the contractual association and would often prove to be impractical. Robinson v. Anderson, supra; Reybold v. Jefferson, 1 Harr. 401; Gray v. Hamil, 82 Georgia 375; Cameron v. Francis Co., 26 Ohio St. 190. The precise question has been decided in this State. Bennett v. Russell, 34 Mo. 524.

(2)    But a partner, especially one for a special purpose, may abandon the contract and thereby forfeit his right to an equal share of the proceeds of the business. Henry v. Bassett, 75 Mo. 89; Denver v. Roane, 99 U. S. 355; Marsh's Appeal, 69 Pa. St. 30; Zell's Appeal, 126 Pa. St. 329. The result of the case in the trial court is such as to show that the chancellor found there was no abandonment by plaintiff. He may well have so found from the evidence of the defendant alone.

(3)    Defendant calls in aid the exception that while the rule of law may be as above stated, yet the partners may agree among themselves what duties each will perform in the common business, and that if one willfully fails to perform his agreed part, allowance should be made to the other therefor. Marsh's Appeal, 69 Pa. St.; Zell's Appeal, 126 Pa. St. 329; Denver v. Roane,

State ex rel. v. Moore.

99 U. S. 355; Airey v. Barham, 29 Beav. 620. Defendant claims that there was a special agreement dividing the parts of the work .between them and that plaintiff failed and refused to perform his part. According to the allegation of the answer defendant has received nearly eight hundred dollars more than half of the sum due under the joint contract, and as there was only allowed plaintiff $520.09, the court must have allowed to the defendant more than $200 for a partial failure on plaintiff's part to perform fully what he and defendant agreed between themselves he should perform. An examination of the evidence in this connection has satisfied us that, in this respect, the defendant has no cause to complain of the justness of the court's conclusion. The judgment will be affirmed. All concur.