VAUGHN v. MORRIS et al. (No. 820.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1915.)

1. CORPORATIONS ⬦30—ACTION FOR SERVICES RENDERED—AGREEMENT TO PAY.

In an action against defendant, and others, to recover for surveying a proposed railroad, and for other services and advances prior to defendant's participation in the enterprise, evidence *held* to show an express or implied agreement by defendant, who had received the benefit of the services and advances, to become liable therefor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 97–100; Dec. Dig. ⬦30.]

2. PARTNERSHIP ⬦44 — EXISTENCE—PROMOTERS.

Promoters of a railroad working together in furthering whatever scheme they have, in the absence of proof to the contrary, would be presumed to be partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 61–63; Dec. Dig. ⬦44.]

3. CORPORATIONS ⬦30—JOINT LIABILITY.

The expenses incurred by the promoters of a railroad enterprise in their preliminary work rendered them jointly and severally liable therefor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 97–100; Dec. Dig. ⬦30.]

4. EVIDENCE ⬦249—DECLARATIONS—AGENT OR PARTNER.

In an action against promoters for services in surveying a proposed railroad and for other services and advances, the statement of a defendant and of plaintiff to certain declarations of another defendant concerning the promise of a third defendant to assume the first defendant's contract with plaintiff, and a prospec-

tus of the road showing the third defendant as the director and vice president were admissible against the first and second defendants.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 965–975; Dec. Dig. ⬦249.]

5. TRIAL ⬦255—REQUESTS — LIMITATION OF EVIDENCE.

If such evidence should have been limited to two of the defendants, a proper request therefor should have been made by the third defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. ⬦255.]

6. CORPORATIONS ⬦30—ACTION—EVIDENCE—AGENCY.

In an action against promoters for services in surveying a proposed railroad, evidence *held* sufficient to show that a defendant had made another defendant agent for him, so as to be bound by his actions.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 97–100; Dec. Dig. ⬦30.]

Appeal from District Court, Potter County; Jas. N. Browning, Judge.

Action by R. E. Morris against M. C. Vaughn and others, with cross-petition by Vaughn against certain other parties. Judgment for plaintiff and for cross-defendants, and defendant Vaughn appeals. Affirmed.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, and Sam G. Bratton, of Clovis, N. M., for appellant. Jones & Miller and Ben H. Stone, all of Amarillo, for appellees.

HUFF, C. J. R. E. Morris brought this suit against R. E. Davis, M. C. Vaughn, J. J. Fry, and J. L. Jones, for the sum of $1,163.55, for services performed by him as an engineer in surveying or laying out in part a proposed line of railroad, for services rendered from November 1, 1912, to March, and in March, 1913, the alleged balance due thereon amounting to $481.30; $62.25 for board and $70 for work done by Morris Browning on said proposed line of road as rodman or head chainman, and which was assigned to Morris; and also for the sum of $550 money advanced to R. E. Davis, which was used in paying the various expenses of promoting the line. This amount it is alleged was assumed by the above-named promoters and partners. It was agreed that the road should be incorporated by the promoters, and stock should be issued to Morris for the money so advanced. The road was not incorporated and the promotion was a failure. The appellee sued the promoting partners for the moneys so advanced by him, together with the above wages and expenses.

M. C. Vaughn answered specially, denying the allegation of liability as to him and by cross-petition alleged if it should be found he was a partner, then that certain other persons were also liable, naming them, and had them brought into the suit upon his cross-petition. The various other answers and pleadings will not be necessary to set out.

The trial court instructed a verdict for the parties brought in by the cross-petition of Vaughn. The jury found a verdict in favor

of R. E. Morris, for $1,181.97, being the sum sued for, with interest thereon against M. C. Vaughn, J. J. Fry, R. E. Davis, and J. L. Jones, who it is recited in the judgment was not served, and he was discharged, with his costs.

[1-3] Vaughn alone appeals. His first assignment complains of the refusal of the trial court to instruct a verdict for him, and also refusing to grant him a new trial because the evidence was not sufficient to support the verdict. There is no objection in this court to the amount of the verdict. The contention is that there is no evidence that appellant alone, or with the others, assumed the amount sued for, or that Fry was authorized to make an agreement binding appellant to pay the amount. The evidence as to appellant's liability is sharply conflicting. We believe Davis' testimony, together with that of Morris, and other circumstances, will support a finding that the appellant is liable, as charged. The evidence will warrant the finding that M. C. Vaughn, J. J. Fry, J. L. Jones, and R. E. Davis sought to promote a railroad company which was designated or called the Denver & San Antonio Railway Company. Davis originally conceived the scheme of tapping the Santa Fé, either at Clovis or Texico, N. M., and his proposition was first proposed to another party, who died, and before the contract sought to be established in this case was entered into. Davis employed appellee Morris as an engineer, agreeing with him upon his compensation as set out in the pleadings, and in order to procure money from him, agreed with Morris, after incorporation, to issue to him stock in the corporation for the money so obtained. Under this agreement with Morris the work was to be done by him in New Mexico, between Farwell and Tucumcari. Morris went to work on the road November 19, 1912. Prior to his doing so an agreement was entered into between Davis, Vaughn, and Fry, to promote the road in question. Vaughn had holdings or owned the townsite of Virginia City, south of Farwell, Tex., as well as several thousand acres surrounding it. He was at that time bringing immigrants into Texas, showing his land at the point named, and as an inducement to them to buy, represented he would try to get a railway down to his land. There was an old grade of road from Farwell south some miles, upon which appellant and Fry had an option, and he (appellant) thought if he could get work started up, checking up the old grade, it would assist him in selling the land. It was necessary to check up the grade in order to get its value. In talking this matter over with Vaughn, Davis told him he had a man who would be down soon and that he could send him done on the work, to which Vaughn assented, and told Davis Fry would be up soon, and whatever he (Davis) and Fry did would be all right. Fry came on the 18th of November, and he and Davis

agreed to send Morris to work, checking on the old grade above mentioned, and Fry, for himself, Vaughn, and Jones, agreed to assume Davis' contract with Morris. Davis testified that to secure Morris he gave a lien on some Grady lots in New Mexico; that after he entered into arrangements with his associates for Morris to work between Farwell and Virginia City, he, Vaughn, and Fry entered into agreement by which the Grady property was to be released and instead thereof a lien given on the Virginia City property, to secure the payment of Morris and other expenses; but it appears the deed, when it came, did not convey the 200 lots which was to cover the expenses of Davis. There was a deed of trust executed on 3,700 lots, upon which bonds were to issue and be sold by Fry, for promoting purposes. It is shown that a prospectus was gotten out by Fry, describing the country and the proposed road in glowing terms. Vaughn was named therein as vice president and director, together with several others. It is further shown that Vaughn paid part of Morris' board bill and probably some other expenses. Fry directed and superintended in a measure the work on the road and Morris worked under Fry and Davis. Fry was on the proposed route more frequently than any of the others. The evidence indicates that Morris' advance of the money was after Vaughn became connected with the enterprise, and that it was used in expenses therein, but that it was advanced on the agreement first made between Morris and Davis.

The proposed promoters of this road were working together in furthering whatever scheme they had. Nothing appearing to the contrary, they will be presumed to be partners. Miller v. Hale, 96 Mo. App. 427, 70 S. W. 258. The expenses incurred while associated together as such promoters, in their then purported preliminary work, we think renders them jointly and severally liable. Weatherford v. Granger, 86 Tex. 350, 24 S. W. 795, 40 Am. St. Rep. 837. The work done was after the association had been formed and for their benefit in furtherance of the scheme. The money advanced was used on that work and in consideration that the work should be done south of Farwell in the direction of appellant's land, he agreed with the other associates to assume the contract with appellee. Fry had the right to make the contract with Davis for Vaughn, if Davis' testimony is true. The circumstances in this case, aside from the direct testimony of Davis and Morris, point to a joint enterprise on the part of the parties named in the petition. Vaughn ordinarily would not be liable for debts already incurred prior to his becoming a party to the enterprise, in the absence of an agreement to that effect, express or implied. The evidence we think sufficient to authorize the finding of such an agreement. The services were rendered and

the money advanced were used in promoting the scheme after Vaughn became a party thereto; in other words, he got the benefit of the work and money, even though the agreement to perform the one and to furnish the other had been made previous to his entrance therein. Rodgers v. Wynn, 156 S. W. 873; Freeman v. Hullig, 105 Tex. 560, 153 S. W. 122. The first assignment is overruled.

We do not think paragraph 5 of the court's charge subject to the objections urged in assignments Nos. 2, 3, 4, and 5. These assignments are overruled.

[4, 5] The statement of Davis and Morris to certain declarations of Fry, concerning the agreement and promise of Vaughn to assume Davis' contract with Morris, and the introduction of a certain folder or prospectus of the road, giving Vaughn as one of the directors and as vice president of the proposed road, was objected to because it was not shown that Fry was the agent of Vaughn and had a right to make the agreement or to issue the folder in the manner he did. The testimony was certainly admissible against Davis and Fry. If it should have been limited to them a proper request should have been made by Vaughn.

[6] We find no such request made; but if Davis' testimony is true, Vaughn left all the matters relative to this undertaking in the hands of Fry, to act for him fully in the matters and clothed Fry with ample authority for that purpose. Vaughn paid some of Morris' expenses and it would appear that he ratified fully Fry's acts. He executed the deed of trust on the Virginia City lots as agreed upon, in order to get money to promote the enterprise. There was, we believe, sufficient evidence of agency to bind Vaughn and also ratification to admit the evidence.

There is no such error assigned in the admission of the testimony objected to as will sustain the assignments of error as to its admission. We do not find any reversible error assigned, and the case will be affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes