GOODYEAR TIRE & RUBBER COMPANY, Appellant, v. EDWARD E. WARD et al., Respondents.

St. Louis Court of Appeals, May 8, 1917.

1. **TRIAL PRACTICE:** Demurrer to Evidence: Case Tried to Court: Rules of Decision. A demurrer to the evidence admits as true all of the evidence adduced, and, in passing upon a demurrer, the evidence must be viewed in the light most favorable to plaintiff, giving him the benefit of every inference which a jury might fairly and reasonably draw from the facts in evidence; and this rule obtains with no less force in an action tried before the court sitting as a jury than in cases tried before a jury, for, where the case is tried without a jury, a peremptory declaration of law, or instruction, given at the request of the defendant, at the close of plaintiff's case, or even at the close of the entire case, must be treated as in the nature of a demurrer to the evidence, and not as a conclusion or finding of fact.

2. **PARTNERSHIP:** Establishment of Relation: Sharing Profits and Losses: Evidence. In determining whether a partnership exists, the real test is the intent of the parties, although participation in profits and losses is presumptive, but not conclusive, evidence thereof.

3. ———: ———: ———. The mere fact that, by the terms of the agreement or understanding between the parties engaged in conducting a business, one of them was not to share equally with the others in the profits, if any, arising from the conduct of the business as a whole, does not preclude the existence of a partnership relation as to him; the matter being one of contract between the parties, although where the agreement is silent on the subject, partners share equally in the profits.

4. ———: ———: Sufficiency of Evidence. In an action for the price of goods sold to a copartnership, evidence that one of the defendants shared in certain, but not all, of the profits of the firm, that he lent his credit to the firm at the time of the making of an important contract with another firm, and that he paid the rent of the quarters occupied by the firm, utilizing therefor some of the property sold to the firm by plaintiff, *held* to justify an inference that such defendant was a partner.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED.

*Bishop & Cobbs* and *Harry A. Frank* for appellant.

(1) In an action by a third person against alleged partners, testimony showing participation in the profits of the alleged partnership, and that there was no written agreement of partnership, establishes a prima-facie case that the defendants are partners. Goddard Peck Gro. Co. v. Berry, et al., 58 Mo. App. 665, 666; Willoughby v. Hildreth, 182 Mo. App. 82, 91; Skinner v. Whitlaw, 184 Mo. App. 229, 239-240; Ellis v. Brand, 176 Mo. App. 383, 392 and 393; Reyburn v. Bennett, 176 Mo. App. 451, 460; Graf Dist. Co. v. Wilson, 172 Mo. App. 620 and 621; Torbert v. Jeffrey, 161 Mo. 645, 655; Fourth National Bank v. Altheimer, 91 Mo. 190, 194 and 195; Phillips v. Samuels, 76 Mo. 657, 660; Glore v. Dawson, 196 Mo. App. 107, 109; 18 L. R. A. (N. S.) Note 963, 985 and 988. (2) Evidence showing that an alleged partner, entered into no written agreement of partnership, but contributed his money and financial standing and executed a selling-agency contract, under the firm name, and which contract became the partnership's chief as-

set, and further that in the conduct of said business, said alleged partner took part in the firm's business of sell-ing automobiles, and acted not only for himself, but as agent for all, and did share to some extent in the profits and losses, when considered with the surrounding cir-cumstances, would imply an intention to form a partner-ship and would establish not only a partnership *inter se,* but also as to third persons dealing with said firm. Dixon v. Dixon, 181 S. W. 84, 86; Mining Company v. Swope, 204 Mo. 48, 58; Thompson v. Holden, 117 Mo. 127. (3) When a prima-facie case has been estab-lished that a partnership exists then the acts and decla-ration of an alleged partner are admissable as corro-borative evidence. Supply Co. v. Metcalf, 174 Mo. App. 560; Willoughby v. Hildreth, 182 Mo. App. 80, 93; Bis-sell v. Warde, 129 Mo. 439, 454.

*M. R. Conkling* for respondent.

(1) No evidence was adduced of any contract of partnership, written or verbal, between respondent Mueller and the other defendants. (a) The contract of February 6, 1912, copy of which was read in evidence, was merely an agency agreement between Mueller and the Elmore Manufacturing Company, and Ward so char-acterized it in his testimony, when he says: "I don't know how to explain the character of the agreement. It was for buying automobiles, for the agency proposi-tion in buying automobiles from the Elmore Manufac-turing Company." And the witness says: "We had no agreement in writing at the time we entered into this arrangement." (b) There was no admissible evidence produced in the case of any verbal agreement for a part-nership. (c) There was no element of estoppel in the case which would preclude respondent Mueller from denying a partnership. 22 A. & E. Enc. of Law, 14 et seq.; Freeman v. Bloomfield, 43 Mo. 391; Lucas v. Cole, 57 Mo. 143. (2) Appellant offered no admissible evi-dence that respondent Mueller received any of the prof-its from the business that was conducted under the name of "New York Motor Car Co;" but even had it

done so, under the facts disclosed by all the evidence in the case, respondent Mueller could not be held liable herein. 22 A. & E. Enc. of Law, p. 18; Kelly v. Gaines, 24 Mo. App. 506; Musser v. Brink, 68 Mo. 242; McDonald v. Matney, 82 Mo. 365; Ellis v. Brand, 176 Mo. App. 383. (3) All the testimony of the witness Wolf, as to statements to him about respondent Mueller's financial responsibility, and that Mueller was a partner in the business conducted under the name: "New York Motor Car Company," were inadmissible, and cannot avail appellant in its efforts to make respondent Mueller liable for the account here sued on. Before testimony of such statements of an alleged partnership can be received against a putative partner, the fact of the partnership must be established. Huyassen v. Lawson, 90 Mo. App. 82; Filley v. McHenry, 71 Mo. 417; Bank v. Outhwaite, 50 Mo. App. 124; Supply Co. v, Metcalf, 174 Mo. 560; Willoughby v. Hildreth, 182 Mo. 93.

ALLEN, J.—This is an action, originally instituted before a justice of the peace, upon an account for goods, consisting of automobile tires, tubes, etc., alleged to have been sold and delivered, on and between April 8 and August 8, 1912, to the defendants, Edward W. Ward, Oscar J. Mueller and Adolph Grohe, as copartners, doing business under the name and style of New York Motor Car Company. The defendants other than Oscar J. Mueller made no defense, and judgment went against them by default. Mueller filed a verified answer denying that he was ever a partner with Ward and Grohe, doing business as the New York Motor Car Company. The issue as to whether or not Mueller was a member of the partnership was the only matter tried in the circuit court. There was no dispute as to the fact that the goods in question were sold and delivered by plaintiff to those conducting the business under the name "New York Motor Car Company."

The cause was tried by the court sitting as a jury, a jury having been waived; and at the close of plaintiff's case the court gave a peremptory instruction, in

197 M. A.—19

the nature of a demurrer to the evidence, to the effect that under the law and the evidence plaintiff could not recover against defendant Mueller. Plaintiff thereupon took a nonsuit as to defendant Mueller, with leave to move to set the same aside; and judgment was entered in plaintiff's favor against defendants Ward and Grohe. Thereafter, having unsuccessfully moved to set aside the nonsuit as to defendant Mueller, plaintiff perfected its appeal to this court.

A written contract was introduced in evidence executed February 6, 1912, between the Elmore Manufactuing Co. of Clyde, Ohio, and the "New York Motor Car Co." This was a contract whereby the Elmore Manufacturing Co., "the manufacturer," licensed and authorized the "New York Motor Car Co.," "the dealer," to sell "Elmore" automobiles, at certain discounts from the list prices thereof, in consideration of certain covenants and agreements on the part of the New York Motor Car Company. We are not here concerned with the lengthy terms of this agreement. It was signed in behalf of the New York Motor Car Company as follows, viz: "New York Motor Car Company, per Oscar J. Mueller, Dealer." The names, Edward W. Ward, B. Grohe and Oscar J. Mueller also appear at the end of the instrument, but whether or not they were signed by these parties does not appear.

It appears that defendants Ward and Grohe were copartners doing business as the New York Motor Car Company, prior to February, 1912, at which time defendant Mueller became connected with the business.

Defendant Ward, testifying for plaintiff, said: "I am a member of the firm of the New York Motor Car Company, and Mr. Oscar J. Mueller had connections with this firm. He was connected with it in regard to selling automobiles. Mr. Mueller was in it, Mr. Grohe and myself. We made no agreement in writing at the time we entered into this arrangement. . . . We had two cars of one type, what we termed a small car and a large car. . . . Mr. Mueller was not to get any of the profits out of the small car, but out of the large

car he was to receive one-third. We had an agreement with the Elmore Manufacturing Company · which was signed by Mr. O. J. Mueller. . . . We did a repairing business at the same time and it was located at the same address. The repairing business was run under the name of the New York Motor Car Co. Mr. Mueller had no interest in the repairing business only to have his repairing for nothing. One of the large cars was sold, and I received my profit from the sale of this large car, and I suppose Mr. Mueller received his too. This car was sold by Mr. Mueller and Mr. Grohe.''

On cross-examination the witness testified in part as follows: ''I don't know how to explain the character of the agreement (between the defendants). It was for the buying of automobiles, for the agency proposition in buying automobiles from the Elmore Manufacturing Company. Mr. Grohe and·I had an opportunity to secure the agency for the Elmore Manufacturing Company. Mr. Grohe saw Mr. Mueller in regard to it. The Elmore Motor Car Co., would not extend credit to us, and Mr. Grohe made all arrangements with Mr. Mueller. Afterwards Mr. Mueller and I talked it over.''

This witness further testified that defendant Mueller received some of the goods purchased from plaintiff, included within the account sued upon; that the tires thus acquired, with the exception of four, were received by defendants Grohe and Mueller; and that defendant Mueller turned over one of them to the owner of the premises occupied by the New York Motor Car Co. in payment of rent.

The only other witness called by plaintiff was one Wolf, plaintiff's bookkeeper. For our purposes it is unnecessary to consider his testimony.

Appellant insists that the evidence adduced made a prima-facie showing of the existence of a partnership relation between defendant Mueller and his codefendants Ward and Grohe, at the time when plaintiff's goods were sold to the firm; and that the court consequently erred in holding, as a matter of law, that plaintiff could not recover against defendant Mueller. A careful ex-

amination of the evidence contained in the record, has led us to the conclusion that this contention must be upheld. It is elementary that a demurrer to the evidence adduced by a plaintiff in support of his alleged cause of action admits as true all of the evidence so adduced, and that in passing upon the demurrer the evidence must be viewed in the light most favorable to plaintiff, giving him the benefit of every inference which a jury might fairly and reasonably draw from the facts in evidence. This rule obtains with no less force in an action tried before the court sitting as a jury than in cases tried before a jury. Where the case is tried without a jury, a peremptory declaration of law or instruction given at the request of the defendant at the close of plaintiff's case, or even at the close of the entire case, must be treated as in the nature of a demurrer to the evidence, and not as a conclusion or finding of fact. [See Butler County v. Boatmen's Bank, 143 Mo. 13, 44 S. W. 1047; Vincent v. Means, 184 Mo. 1. c. 342, 82 S. W. 96.] "The court does not declare a conclusion of fact, or of law and fact, but a legal conclusion 'that under the pleadings and evidence in the case the plaintiff is not entitled to recover.' This is a declaration of law given by the court, and not a finding of fact by the judge sitting as a jury." [Butler Co. v. Boatmen's Bank, supra, 1. c. 342.]

Having these principles in mind, we think that the court could not properly declare, as a matter of law, that there was no substantial evidence that Mueller was a partner with his codefendants. It is true that there is no evidence of a holding out on the part of defendant Mueller, to this plaintiff, so as to make Mueller a partner by estoppel; but there is evidence, we think, tending in law to show the existence of an actual partnership between the three parties named.

The law governing cases of this character will be readily found in the pronouncements of our courts in the many adjudicated cases in this state dealing with the subject. Among them are: Campbell et al. v. Dent, 54 Mo. 333; Torbert v. Jeffrey, 161 Mo. 465, 61 S. W.

823; Hughes v. Ewing, 162 Mo. 251, 62 S. W. 465; Diamond Creek etc. Mining Co. v. Swope, 204 Mo. 48, 102 S. W. 561; Willoughby v. Hildreth, 182 Mo. App. 82, 167 S. W. 639; Graf Distilling Co. v. Wilson, 172 Mo. App. 620, 156 S. W. 23 and further cases there cited. It is unnecessary for is to dwell upon the matter at length. Whether or not a partnership in fact existed between these three defendants must be determined from the evidence which casts light upon their understanding or intention with respect to the matter. There was no written agreement, it is said, but the relation which Mueller bore to his codefendants with respect to the business in question may be gathered, prima-facie, from the testimony, supra, as to the character of the "arrangement" between the parties, together with all of the other facts and circumstances in evidence.

The case made by plaintiff does not rest merely upon a presumption arising from participation in profits and losses; though such participation is presumptive evidence of a partnership relation. It is well settled that such participation is not a conclusive test of the existence of a partnership (Torbert v. Jeffrey, supra), and the presumption which might otherwise arise therefrom may be dispelled, it is held, by proof of the actual facts showing that no partnership was created or intended. [Diamond Creek etc. Mining Co. v. Swope, supra; Ellis v. Brand, 176 Mo. App. 383, 158 S. W. 705; and authorities cited.] The real test is the intention of the parties; and each case must be determined upon its own peculiar facts. [Diamond Creek etc. Mining Co. v. Swope, supra.]

Not only does the witness Ward say that Mueller was in the firm, but plaintiff's evidence otherwise tends at least to show that defendant Mueller joined with his codefendants as a principal in the enterprise in question, in which all had a community of interest. Mueller was to share in the profits, and the proof warrants the inference, at least, that he lent his credit to the business at the time of the making of the very important contract with the Elmore Company, which he executed

in behalf of the New York Motor Car Company, whereby he made himself liable for expenses and losses, if any, growing out of the business to be conducted by the latter company pursuant to the terms of that contract. The evidence is that the Elmore Company would not extend credit to Ward and Grohe, and for this reason Mueller was brought in. While his execution of the contract does not conclusively show that he acted in the capacity of a partner, such inference may be readily drawn therefrom; and, as said, the plaintiff is entitled to the benefit of every such favorable inference to be drawn from the evidence adduced. And the further fact that Mueller is shown to have paid rent—utilizing therefor property sold by plaintiff to the firm—justifies the inference, prima facie, that he was a principal in conducting the business, and as much liable as anyone for the expenses and losses.

It is true that the firm, the New York Motor Car Company, did, it is said, two classes of business, one a repair business in which defendant Mueller did not participate as to profits—though he received his repairs without charge. But the mere fact that by the terms of the agreement or understanding between the parties Mueller was not to share equally with the others in the profits, if any, arising from the conduct of the business as a whole, does not preclude the existence of a partnership relation. The matter was one of contract between the parties, though where the agreement is silent on the subject partners share equally in the profits. [See Miller v. Hale, 96 Mo. App. 427, 70 S. W. 258.]

In short the plaintiff's evidence, we think, unrebutted and uncontrolled by anything to the contrary, with the inferences that naturally spring therefrom, would warrant a finding that defendant Mueller was a partner. It may be that evidence adduced by this defendant will put an entirely different aspect upon the facts of the case, and justify a finding for him at the hands of the jury. But we are now considering the propriety of the court's ruling on the demurrer to the

evidence, and under the circumstances we think that the ruling below was unsound.

The judgment will accordingly be reversed and the cause remanded. It is so ordered. *Becker, J.,* concurs; *Reynolds, P. J.,* concurs in the result.