Jack ROLAND, Appellant,

v.

REPUBLIC NATIONAL BANK OF DALLAS, Appellee.

No. 4996.

Court of Civil Appeals of Texas, Waco.

Feb. 11, 1971.

Rehearing Denied March 4, 1971.

Harold B. Stone, Dallas, for appellant.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Roland from judgment of the trial court overruling

his motion for summary judgment, and granting defendant bank's motion for summary judgment that plaintiff take nothing, in plaintiff's suit against defendant for damages for wrongful disbursement of plaintiff's funds.

Plaintiff sued defendant bank alleging plaintiff contemplated a business transaction with Waldo Evans; that plaintiff and Evans were to form a corporation named "Central American Steel of Texas, Inc.,"; that Evans was to obtain title in the name of the corporation to certain property; that on April 10, 1968 plaintiff deposited $5000 in defendant bank in the name of the Corporation; that on April 10, 1968 plaintiff and Evans executed signature cards under the name of the Corporation; that both signatures were required to make a withdrawal from the account; that later in the day Evans requested plaintiff to give him 2 checks for $2500 payable to Paul Jastrow, so that "Evans could have the checks as evidence that the money was available" to pay Jastrow for property to be obtained for the corporation; that plaintiff filled out 2 checks for $2500 payable to Jastrow but wrote "Central American Steel" at the bottom of the check instead of "Central American Steel of Texas, Inc.," and dated the check April 14, 1968.

Plaintiff alleges Evans alone signed the checks; delivered them to Jastrow on April 10, 1968; that the bank was not to cash any check on the corporation until a corporate resolution was filed; that the bank cashed the checks on April 10, 1968, that the bank was guilty of gross negligence in cashing the checks; that plaintiff has been damaged $5000, attorneys fees and other damages.

The bank answered among other things that the account though styled a corporate account was opened by plaintiff and Evans as joint adventurers contemplating the formation of a corporation which was never formed; that the purpose of the joint venture was to acquire property in Costa Rica through Paul Jastrow; that the withdrawals were paid by defendant to Jastrow on checks drawn on the account signed by Evans in exchange for the Costa Rica property; that plaintiff was present when the checks were cashed, and made no objection or complaint until 7 months later.

Both plaintiff and defendant moved for summary judgment. The record consists of the pleadings, motions for summary judgment and depositions of plaintiff, Evans and Jastrow.

The trial court denied plaintiff's motion, and granted defendant bank's motion for summary judgment that plaintiff take nothing.

Plaintiff appeals on 8 points contending: 1) The trial court erred in overruling plaintiff's motion for summary judgment in that: a) the 2 checks were dated April 14, but were cashed on April 10; b) the checks were signed "Central American Steel", and not "Central American Steel of Texas, Inc.," as the account was carried; c) the signature card required 2 signatures (plaintiff and Evans) and only Evans signed the checks. d) The corporate resolution authorizing checking had not been filed. 2) The trial court erred in granting defendant's motion for summary judgment because a) the defense of laches relied on by defendant is not available in this case, and is a fact question; b) the defense of contributory negligence alleged by defendant is a fact question.

■ We revert to plaintiff's contention the trial court erred in overruling his motion for summary judgment. Plaintiff asserts that because the checks were dated April 14, but cashed on April 10 the bank should not have cashed same. When the bank paid Jastrow the face value of the checks on April 10, it became a holder in due course of the checks, and when no complaint or stop payment was made prior to April 14, it had the right to reimburse itself from the depositor's account. See Section: 3–114(1), 3–304(4), 4–208(1)

(c), 4–209, 3–302(1) Uniform Commercial Code.

▉ Plaintiff asserts that because the checks were signed "Central American Steel" instead of "Central American Steel of Texas, Inc." that the bank should not have cashed same. The checks were given to plaintiff and Evans when the account was opened and had the account number magnetically encoded on their face. Plaintiff wrote "Central American Steel" on the bottom of the checks, and handed them to Evans who signed his name thereunder. The discrepancy in the Corporate name under the facts is not so material as to render the cashing of the checks by defendant improper.

▉ Plaintiff asserts the signature card required both plaintiff and Evans to sign checks. The original signature card is before us and the figure 2 under "signatures required" is almost completely erased. This at most created a fact question. In event plaintiff testified in his deposition he could have withdrawn the funds on his signature only; and since the corporation was never formed, the account became a joint venture account which could be checked on by either of the joint venturers for joint venture purposes.

▉ Plaintiff asserts that the corporate resolution authorizing checking on the account had not been filed for which reason the bank should not have cashed the checks. This is a matter which only the corporation could assert. It is undisputed the corporation was never formed. The deposit became the account of the joint venturers. Plaintiff himself filled out the check and Evans signed his name thereto. Plaintiff testified he alone could have withdrawn the money. We think either joint venturer could under the facts check on the account.

Plaintiff's motion for summary judgment was properly overruled.

Plaintiff's 2nd contention asserts trial court erred in granting defendant summary judgment that plaintiff take nothing.

▉ The record reflects plaintiff and Evans contemplated forming a corporation to be known as "Central American Steel of Texas, Inc.", which was never chartered. The corporation was to be chartered for the purpose of taking title to property in Costa Rica which Evans was to acquire, and for which the corporation was to pay $5000. To effect this transaction the bank account in question was opened in the Corporation's name, with plaintiff putting up the $5000. Both plaintiff and Evans signed the signature cards, and a supply of magnetically coded checks with the account number assigned the account were given plaintiff and Evans. The Costa Rica property purchase was to be handled through Paul Jastrow. The 2 checks for $2500 each were paid to Jastrow. Jastrow transferred the property to Evans, and it is now held by him. Plaintiff made out the checks payable to Jastrow, on the forms supplied by the Bank, and handed them to Evans who signed his name thereto, and handed them to Jastrow who cashed them. Plaintiff was waiting just outside the bank when this took place, and testified he thought at the time the checks had been cashed; and plaintiff then accompanied Evans and Jastrow to the post office where Jastrow mailed proceeds from one of the checks to Costa Rica.

Plaintiff sued only in his capacity as an individual. The evidence is undisputed that when the $5000 was deposited with defendant bank the same was contributed to the Corporation to be created in the future or to the joint venture of which Evans was a party. The corporation was never created and the relationship of plaintiff and Evans became a joint venture or a partnership; and plaintiff asserts he alone could withdraw the money. In such posture Evans could likewise withdraw the money.

Under the undisputed facts plaintiff and Evans were joint venturers. Each joint venturer is legally responsible for the act of the other performed within the scope of the joint venture. Plaintiff is thus

bound by the act of Evans in the withdrawal of the funds, and has no standing to complain of defendant. See 33 Tex.Jur. 2d 298, 299; Vaughn v. Morris, Tex.Civ. App. (NWH) 180 S.W. 954; Graham Hotel Corp. v. Leader, Tex.Civ.App. (NWH) 241 S.W. 700; 18 Am.Jur.2d 672–677; 41 A.L.R.2d 488, 489; 18 C.J.S. Corporations, pp. 540, 541.

Evans has title to the property purchased. Plaintiff's remedy is against Evans for an accounting and settlement of their joint affairs.

Defendant's Motion for Summary Judgment was properly granted. The judgment is correct. Plaintiff's points and contentions are overruled.

Affirmed.